UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANDREW WARD,                     ) | |
|     Plaintiff,                        ) | |
|                                                 ) | |
| v.                                              ) | CAUSE NO.: 2:24-CV-449-JEM |
|                                                 ) | |
| WISCONSIN CENTRAL LTD., *et al.*,  ) | |
|     Defendants.                    ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Gary Railway Company's Motion to Dismiss Count V of Plaintiff's Complaint Pursuant to Rule 12(b)(6) [DE 19], filed on February 21, 2025. Plaintiff filed his response on February 28, 2025, and Gary Railway filed its reply on March 7, 2025.

On April 14, 2025, the parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**I.     Background**

On April 11, 2024, Plaintiff was an employee of Wisconsin Central Ltd., operating a locomotive at Canadian National Railroad Company's Kirk Yard. Defendant Gary Railway is a switching carrier providing services at United States Steel Corporation's Gary Works plant. After a railcar was loaded with steel coils, Gary Railway transported it via remote control from Gary Works plant to Kirk Yard. The railcar was then coupled to locomotive CN5323. The locomotive Plaintiff was operating was coupled to locomotive CN5323 and the railcar. The railcar came

1

uncoupled from locomotive CN5323 and derailed. The train went into emergency mode and stopped as a result of the decoupling. The railcar and the remainder of the cars struck both the locomotive Plaintiff was operating from behind and locomotive CN5323. The locomotive Plaintiff was operating was jerked and jostled, and Plaintiff was injured in that incident. Plaintiff's Complaint brings claims against Wisconsin Central Ltd., individually and d/b/a Canadian National, under FELA (45 U.S.C. § 51 et seq.), the Federal Railroad Safety Authorization Act of 1994 (49 U.S.C. § 2), and the Locomotive Inspection Act (49 U.S.C. § 20701), and claims that United States Steel Corporation was negligent. Count V, for negligence, is the only count alleged against Gary Railway. Gary Railway moves to dismiss Count V for failure to state a claim on which relief can be granted.

## II.     Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Seventh Circuit Court of Appeals has explained that "[t]he complaint 'must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008)). In order "[t]o meet this plausibility standard, the complaint must supply enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Id.* at 934-935 (quoting *Twombly*, 550 U.S. at 556) (quotation marks omitted). Additionally, "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

### III. Analysis

Gary Railway argues that the claim for negligence in Count V fails to state a cause of action and therefore should be dismissed. Specifically, Gary Railway argues that Plaintiff failed to adequately allege that Gary Railway owed Plaintiff a duty and failed to allege that the breach of any duty by Gary Railway was the proximate cause of his injuries. Gary Railway also argues that it in fact owed Plaintiff no duty. Plaintiff argues that Gary Railway, as a carrier, owed him a duty to make sure that the cargo on the railcar was safely loaded, and that he has pleaded sufficient facts

3

to set forth a plausible claim, so dismissal is improper.

### A. Pleading Sufficiency

Gary Railway argues that Plaintiff's Count V is insufficient because it is conclusory and speculative rather than factual in nature. Plaintiff argues that the Complaint satisfies the Federal pleading standard by putting Gary Railway on notice of what the "claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555; ("plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"); *see also Iqbal*, 129 S. Ct. at 1949-50; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Determining whether a complaint states a plausible claim for relief requires the Court to draw on its judicial experience and common sense. *Iqbal*, 129 S. Ct. at 1950.

Under Indiana law, a negligence claim must assert: 1) a duty to plaintiff by defendant, 2) a breach of that duty by defendant, and 3) harm to the defendant proximately caused by that breach. *Bader v. Johnson*, 732 N.E.2d 1212, 1216-17 (Ind. 2000); *Diehl v. Landmark Recovery of Carmel LLC*, 743 F. Supp. 3d 1015, 1023 (N.D. Ind. 2024). Plaintiff alleges that employees of US Steel loaded railcars with steel coils at Gary Works plant and that Gary Railway employees would then deliver the loaded railcars to Kirk Yard via remote control. Compl. ¶ 2 [DE 1]. Plaintiff alleges that Gary Railway "had a duty to exercise reasonable care in transporting and delivering said cars to CN's Kirk Yard" and "had a duty to exercise reasonable care in delivering cars from Gary Works to CN's Kirk Yard in a manner that would not cause the steel coil load to become imbalanced." Compl. ¶¶ 3, 6. Plaintiff also alleges that Gary Railway

> was guilty of one or more of the following acts or omissions in violation of said

4

duty:

a.  Carelessly and negligently failed to safely and properly transport said railcar NS162117 from Gary Works to CN's Kirk Yard causing the load to become imbalanced;

b.  Carelessly and negligently failed to inspect said railcar upon delivery to Kirk Yard to determine whether the load on said railcar NS162117 was properly loaded and balanced.

c.  Carelessly and negligently failed to implement and enforce safe and proper switching, inspection and/or train handling policies and procedures for its employees' (sic) transporting railcars from US Steel's Gary Works to CN's Kirk Yard.

*Id*. at 11, ¶ 7. Finally, Plaintiff alleges that Plaintiff was injured "as a direct and proximate result of one or more of the aforesaid wrongful acts or omissions" of Gary Railway. *Id*. ¶ 8.

Plaintiff identifies the duties he claims Gary Railway owed to him: a duty to exercise reasonable care in transporting and delivering railcars and to do so in a manner which "would not cause the steel coil load to become imbalanced." Plaintiff also alleges three possible breaches of those duties: a failure to safely transport, a failure to inspect, and a failure to institute proper training, switching, inspecting, and/or train handling policies. Finally, Plaintiff alleges that one or more of those breaches resulted in harm to him when the railcar decoupled and derailed, and the train cars hit the locomotive he was driving. Although the allegations are rather formulaic, they are coupled with enough facts sufficient to put Gary Railway on notice of the claims against it. *Iqbal*, 129 S. Ct. at 1949-50. Plaintiff's complaint will not be dismissed because of pleading insufficiencies.

B.  Existence of Duty

Gary Railway next argues that it owed no duty to Plaintiff, and therefore Plaintiff cannot

satisfy the elements of a negligence claim under Indiana law. Gary Railway argues that, as a carrier who did not load the steel coils, it has no duty to ensure that the railcar was safely loaded. Plaintiff argues that a carrier still can owe a duty for the safe loading of railcars and/or inspection of those railcars to ensure safe loading, and for purposes of a motion to dismiss his allegations are sufficient.

Because a motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint, not the merits of the case, the Court must take as true all factual allegations and inferences from those facts. *Twombly*, 550 U.S. at 555-56 (2007). Gary Railway asks the Court to effectively rule on the merits of the case by finding that as a matter of law Gary Railway owed Plaintiff no duty.

In its reply, Gary Railway concedes that it had a duty to inspect for apparent defects but argues that Plaintiff has not alleged that there were apparent defects. Rep. p. 4 [DE 26]. *Wilkes v. Celadon Group, Inc.*, 177 N.E. 3d 786, 792 (Ind. 2021) ("even if the shipper assumes a legal duty to load without latent defect, the carrier retains its primary duty to inspect for apparent defect"). Plaintiff's Complaint alleges that Gary Railway failed to inspect the railcar or failed to implement proper inspection policies. Although Plaintiff does not identify whether the defects Gary Railway was to inspect for were apparent or latent, he has alleged that there was a failure to inspect, which is sufficient to state a cause of action. Discovery may show that any loading defects were not apparent, but Plaintiff has met the rather low burden of putting Gary Railway on notice of his claims.

When reading the facts alleged in the Complaint as true, "[t]he complaint '[does] actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Indep. Trust Corp.*, 665 F.3d at 935 (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008)).

Dismissal is therefore not appropriate at this time.

## IV.  Conclusion

For the foregoing reasons, the Court hereby **DENIES** Defendant Gary Railway Company's Motion to Dismiss Count V of Plaintiff's Complaint Pursuant to Rule 12(b)(6) [DE 19]. The Court **ORDERS** that Gary Railway Company has until **June 27, 2025** to file its answer to the Complaint.

SO ORDERED this 5th day of June, 2025.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:   All counsel of record